# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMPEER FINANCIAL ACA, et al., | Case No. 1:25-cv-00049-JLT-SKO |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' UNOPPOSED AMENDED REQUEST TO REDACT DOCUMENTS** *NUNC PRO TUNC* |
| v. | |
| MICHAEL GRAHAM, et al., | (Doc. 12) |
| Defendants. | |

## I.   INTRODUCTION

On January 10, 2025, Plaintiffs Compeer Financial, ACA; Compeer Financial, PCA; and Compeer Financial, FLCA (collectively "Plaintiffs") filed a complaint against Defendants Michael Graham; Cynthia Graham; Dennis Morgan; Kristi Iness; and JD Investments (collectively "Defendants") alleging theft of funds belonging to Plaintiffs.  (Doc. 1.)  Plaintiffs also filed an "Amended Notice of Request to Redact Documents," on January 15, 2025.[1]  (Doc. 5.)  Plaintiffs seek leave to redact portions of Exhibits 4, 5, 7, and 8 to the complaint.  (Doc. 12.)  The request is unopposed.  For the reasons set forth below, Plaintiffs' unopposed request to redact these documents will be granted.[2]

---

[1] Plaintiffs previously filed a "Notice of Request to Seal or Redact Documents" with their complaint, seeking to redact and/or seal certain documents, including portions of their complaint. (*See* Doc. 3) Plaintiffs' request was denied without prejudice (Doc. 9.), and Plaintiffs have since narrowed the scope of their request (*compare* Doc. 12 *with* Doc. 3).

[2] The Court notes that Plaintiffs have already publicly filed redacted versions of the documents at issue as exhibits to their complaint.  (*See* Doc. 1-1 at 39, 40, 41–44, 46, 51, 52, 55, 58, 61.)  However, pursuant to Local Rule 140, redactions

## II.     DISCUSSION

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).   Courts in the Ninth Circuit "start with a strong presumption in favor of access to court records."  *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1135 (9th Cir. 2003). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be limited only upon a showing of "compelling reasons" for redaction. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be redacted upon a lesser showing of "good cause." *Id.* at 1097.  Here, because the redaction request concerns exhibit to a pleading, the Court will apply the "compelling reasons" standard.  *See Pardi v. Tricida, Inc.*, No. 21-CV-00076-HSG, 2023 WL 6165694, at *2 (N.D. Cal. Sept. 21, 2023) (applying the "compelling reasons" standard when considering whether to seal a complaint and collecting cases).

Here, Plaintiffs seek to redact portions of Exhibits 4, 5, 7, and 8 to the complaint, identified as follows:

| Exhibit No. | Document Description | Redacted Information |
|---|---|---|
| 4 | 0800 Loan Certificate of Participation | p. 1: Third-party Borrower identifying information<br><br>p. 2: Third-party Borrower identifying information<br><br>pp. 3–6: Third-party Borrower property legal description and details |
| 5 | 3400 Loan Certificate of Participation | p. 1: Third-party borrower identifying information |
| 7 | CAL 4.25 Payoff Demand | p. 1, 2: Third-party Borrower identifying information |

---

are generally not permitted unless the Court has authorized the redaction. *See* E.D. Cal. L.R. 140(b).  However, because the Court finds redaction of the third-party information in the publicly filed versions of the documents at issue is appropriate, it will therefore authorize Plaintiffs to file redacted versions of those documents *nunc pro tunc*.  Counsel is reminded to obtain prior court approval for any future redactions.

| 8 | CAL 4.29 Email to Delete ACH Info | pp. 2, 5: Borrower address<br><br>p. 8: Borrower identifying information |

(Doc. 12 at 2. *See also* Doc. 1-1 at 39, 40, 41–44, 46, 51, 52, 55, 58, 61.)  Plaintiffs contend that redaction of this information is appropriate to protect third-party borrowers' identifying information, including borrower names, addresses, property descriptions used as security interests, and other limited financial information included in correspondence and loan certificates.  (*See* Doc. 12 at 2.)

Courts in this district have routinely granted motions to seal the personally identifiable information of third-party individuals under the compelling reasons standard.  *See Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, Case No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding that compelling reasons supports the sealing of personally identifiable information of third party individuals, including names, addresses, phone numbers, and email addresses); *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft.").  *See also Foltz,* 331 F.3d at 1139 (ordering the redaction of "identifying information from third-party medical and personnel records"); *Jasibel Canchola v. Allstate Ins. Co.*, No. 8:23-CV-00734-FWS-ADS, 2024 WL 5275024, at *5 (C.D. Cal. Oct. 8, 2024) ("The court finds compelling reasons to seal this document because it contains financial information and personal identifying information of third parties.").  Accordingly, the Court finds that compelling reasons exist to redact this information.

### III.     CONCLUSION AND ORDER

For the reasons set forth above, Plaintiffs' unopposed request to file redacted versions of Exhibits 4, 5, 7, and 8 to the complaint (Doc. 12) is GRANTED *nunc pro tunc*.[3]

---

[3] Local Rule 140 provides that "[a] party that makes a redacted filing may also file an unredacted copy under seal if the Court so orders," and such "unredacted copy will be retained by the Court under seal as part of the record."  E.D Cal. L.R. 140(b).  The Court reserves the right to order the future filing under seal of unredacted copies of the documents that are the subject of this Order.  *See* E.D. Cal. L.R. 140(b), (d).

1  All documents not covered by this Order that have been previously filed in a redacted form
2 or withheld from filing without an order granting a request to seal or redact SHALL be refiled in
3 their entirety as public filings.

IT IS SO ORDERED.

Dated:   **January 22, 2025**                         /s/ *Sheila K. Oberto*
                                                     UNITED STATES MAGISTRATE JUDGE