Christopher Lovrien, CA Bar No. 230546
Joseph J. Boylan, CA Bar No. 331991
Joshua M. Mester, CA Bar No. 194783
JONES DAY
555 S. Flower St., 50th Floor
Los Angeles, CA 90071
Telephone:   +1.213.489.3939
Facsimile:    +1.213.243.2539
cjlovrien@jonesday.com
jboylan@jonesday.com
jmester@jonesday.com

Darren Cottriel, CA Bar No. 184731
JONES DAY
3161 Michelson Dr., # 800
Irvine, CA 92612
Telephone:   +1 949.851.3939
Facsimile:   +1 949.553.7539
dcottriel@jonesday.com

William D. Coglianese (*pro hac vice*)
Michael Bradley (*pro hac vice*)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001
Telephone:   +1.202.879.3939
Facsimile:   +1.202.626.1700
wcoglianese@jonesday.com
michaelbradley2@jonesday.com

*Attorneys for Plaintiffs*

Miles Ehrlich (SBN 237954)
Alexander Setzepfandt (SBN 340207)
EHRLICH & CRAIG LLP
803 Hearst Avenue
Berkeley, CA 94710
Telephone: 510.548.3600
Facsimile: 510.291.3060
miles@ehrlich-craig.com
alex@ehrlich-craig.com

*Attorneys for Defendants Dennis Morgan
and J D Investments*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMPEER FINANCIAL, ACA COMPEER FINANCIAL, PCA, and COMPEER FINANCIAL, FLCA,<br><br>*Plaintiffs*,<br><br>v.<br><br>MICHAEL GRAHAM, CYNTHIA GRAHAM, DENNIS MORGAN, KRISTI INESS, and JD INVESTMENTS,<br><br>*Defendants*. | Civil Action No. 1:25-cv-00049-JLT-SKO<br><br>**JOINT STIPULATION BETWEEN PLAINTIFFS AND DEFENDANTS DENNIS MORGAN AND J D INVESTMENTS**<br><br>**[~~REQUEST TO SO~~ ORDER]** |

Plaintiffs Compeer Financial, ACA, Compeer Financial, PCA, and Compeer Financial, FLCA (collectively, "Plaintiffs") and Defendants Dennis Morgan and J D Investments ("Morgan Defendants" and, with Plaintiffs, "the Parties"), by and through undersigned counsel, hereby enter this Joint Stipulation and state as follows:

**WHEREAS**, on January 10, 2025, Plaintiffs filed a complaint against the Defendants in the United States District Court for the Eastern District of California assigned Case No. 1:25-cv-00049 (the "Action")

**WHEREAS**, Plaintiffs allege that in April 2024, Corporate America Lending, Inc. ("CAL") and its president Ron Cook ("Mr. Cook") received approximately $58,187,976.50 of proceeds which Plaintiffs contend is their property;

**WHEREAS**, Plaintiffs and CAL are currently engaged in an arbitration which is to decide legal claims maintained by Plaintiffs and CAL against one another;

**WHEREAS**, in May 2024, J D Investments received transfers of $10,000,000.00 and $5,419,000.00 (collectively, the "Funds") from CAL as set forth in Exhibit 14 to Plaintiffs' Complaint;

**WHEREAS**, Plaintiffs allege in their Complaint that the Funds are Plaintiffs' property, and it was wrongful for CAL to transfer or cause to be transferred, the Funds to the Morgan Defendants;

**WHEREAS**, the Morgan Defendants generally deny the allegations of the Complaint as to them;

**WHEREAS**, on January 10, 2025, immediately after filing their Complaint, Plaintiffs contacted the Morgan Defendants regarding the possibility of filing a motion for a temporary restraining order and expedited discovery, and sought to engage with the Morgan Defendants to explore the possibility of a stipulation that would avoid the need for Plaintiffs to bring such a motion against the Morgan Defendants;

**WHEREAS**, following Plaintiffs' outreach, the Parties met-and-conferred in good faith on multiple occasions;

STIP. BETWEEN PLS. AND
DEFS. MORGAN AND J D INVESTMENTS
[REQUEST TO SO ORDER]

1

2       **WHEREAS**, as a result of those discussions, and as reflected in the accompanying

3 declaration, Mr. Morgan has sworn under penalty of perjury that $10,000,000.00 of the Funds

4 were returned to CAL on June 11, 2024, and that the remaining Funds were included in a

5 $6,300,000.00 transfer to CAL on October 1, 2024 that Mr. Morgan alleges was made in order

6 to purchase an interest in a new investment with CAL (the "October Investment");

7       **WHEREAS**, the Morgan Defendants have indicated that since October 3, 2024, they

8 have received and continue to receive from CAL monthly payments of approximately

9 $61,000, of which approximately $52,500 is attributable to the October Investment (the

10 "October Investment Payments");

11      **WHEREAS**, the Morgan Defendants anticipate continuing to receive approximately

12 $52,500 per month attributable to the October Investment;

13      **WHEREAS**, as reflected in the accompanying declaration, between October 3, 2024 and

14 the date of this Stipulation, the Morgan Defendants have received a total of $368,265 in

15 monthly payments from CAL, of which $315,000 constitutes October Investment Payments;

16      **WHEREAS**, at the time of the October Investment, only $5,419,000.00 of the Funds

17 originally transferred by CAL remained in the possession of the Morgan Defendants, and the

18 Morgan Defendants have declared that the entirety of that amount was used to acquire

19 approximately 86% of the October Investment (the "Funds Share of the October

20 Investment");

21      **WHEREAS**, accounting for the Funds Share of the October Investment, the Morgan

22 Defendants have received approximately $270,950.00 in October Investment Payments

23 attributable to the Funds received from CAL (the "Initial Freeze Amount");

24      **WHEREAS**, the Morgan Defendants have asserted that since April 29, 2024, they have

25 sent $550,683.53 more to CAL and/or Ron Cook than they received during that period;

26      **WHEREAS**, the Morgan Defendants have asserted that they earned less than

27 $158,092.15 of interest and/or other gains theoretically traceable to the Funds;

28

STIP. BETWEEN PLS. AND
DEFS. MORGAN AND J D INVESTMENTS
[REQUEST TO SO ORDER]

**WHEREAS**, Mr. Morgan has agreed to execute a declaration attesting to the transfer of the Funds described herein, provide supporting documentation therewith, and stipulate to a remedial framework if the Morgan Defendants receive certain monies from CAL or Mr. Cook;

**WHEREAS**, the Parties each desire to eliminate or narrow their disputes to the extent possible, and to avoid burdening one another and the Court with motion practice and discovery which may be avoidable through continued engagement and cooperation in good faith;

**NOW THEREFORE**, the Parties hereby stipulate and agree:

**1.** <u>Stay of Action</u>. Except as set forth herein, the Action is stayed as to the Morgan Defendants until the earlier of September 19, 2025 or the Termination Date, as defined below (the "Stay Period"). The Stay Period may be extended by the agreement of the Parties without further order of the Court. The Plaintiffs shall promptly provide notice to the Court upon the expiration of the Stay Period.

**2.** <u>Freezing of October Investment and October Investment Payments</u>. The Parties desire to maintain the status quo while generating a reasonable return on the funds and assets that are the subject of this action. To that end, the Parties hereby agree that within two business days of the execution of this Stipulation, the Morgan Defendants shall use the Initial Freeze Amount to purchase United States Treasury Bills at the best available rate, and that such Treasury Bills, plus all amounts accrued or earned thereon shall be held by the Morgan Defendants and shall not be distributed, disbursed, or liquidated from the date of this Stipulation through a date that is 15 days after the expiration of the Stay Period (the "Freeze Period"), absent agreement of the Parties or order of this Court. In the event that the Morgan Defendants receive any funds or assets from CAL or Mr. Cook in full or partial satisfaction of the October Investment, including but not limited to any additional monthly payments attributable to the October Investment, the Morgan Defendants shall use the Funds Share of such funds or assets to acquire additional United States Treasury Bills at the best available rates within two business days of receipt. Except as set forth in this paragraph, the Morgan Defendants shall not transfer, dissipate, or use

STIP. BETWEEN PLS. AND
DEFS. MORGAN AND J D INVESTMENTS
[R~~EQUEST TO SO~~ ORDER]

any funds or assets attributable to or received on account of the October Investment during the Freeze Period, absent agreement of the Parties or order of this Court. The Morgan Defendants further agree that they shall not transfer, dissipate, liquidate, or use the October Investment during the Freeze Period. Within two business days following each acquisition of United States Treasury Bills as contemplated by this paragraph, the Morgan Defendants shall provide a copy of any statements or other documents necessary to prove the purchase of such investments to Plaintiffs' satisfaction. During the pendency of the Stay Period, the Morgan Defendants agree to provide documentation that the assets and investments contemplated by this paragraph remain in their possession, when and as requested by Plaintiffs.

**3.** <u>Morgan Declaration</u>. Contemporaneously with the execution of this Stipulation, the Morgan Defendants shall provide a declaration executed by Mr. Morgan under penalty of perjury in the form agreed to by the parties in advance. The Morgan Defendants shall also simultaneously provide copies of all documents referenced in the accompanying declaration.

**4.** <u>Additional Discovery</u>. Within 10 business days of entry of an order on this Stipulation, Plaintiffs shall have the right to make a single request for additional, targeted document discovery and/or declarations needed to understand or clarify any transfers of funds between the Morgan Defendants and CAL from April 29, 2024 to present, or documents or communications described by Mr. Morgan in the accompanying declaration. The Morgan Defendants shall have the right to object to the additional request. Any request for communications (including text messages and email communications) shall be limited to communications with CAL, Ron Cook, or Alex Aretakis regarding the transfer of the Funds to the Morgan Defendants or the return of the Funds to CAL or Ron Cook (which may also contain redactions for communications unrelated to the Funds). The Parties will meet-and-confer in good faith to limit the burden and expense associated with any such additional discovery, which, if necessary, shall be supported by good cause, relevant to the transfer of Funds, and narrowly tailored. The Court shall resolve any disputes the Parties are unable to resolve themselves and

this Stipulation shall remain in effect pending the Court's ruling absent the occurrence of a Termination Event (as said term is defined below).

**5.** <u>Notice of New Funds</u>.  During the Stay Period, should the Morgan Defendants or any of their affiliates receive from CAL or Mr. Cook individually any other amount (in addition to the October Investment or October Investment Payments described in Paragraph 2 above) that is identified as a repayment, distribution, or other return on an interest or investment with CAL or Mr. Cook (the "New Funds"), then, the Morgan Defendants shall, within three (3) days of receipt of such New Funds, provide notice to Plaintiffs with an explanation of the transaction giving rise to the receipt of the New Funds (the "Notice").  This notice provision shall trigger in any given month only if the total amount received in that month exceeds $62,000.

**6.** <u>Notice Dispute Resolution</u>.  Within three (3) business days of receipt of the Notice, Plaintiffs shall have the opportunity to object to the Morgan Defendants' unrestricted use of the New Funds (the "Objection").  If Plaintiffs timely notify the Morgan Defendants of their Objection to the Morgan Defendants' unrestricted use of the New Funds, then the Morgan Defendants shall be obligated to maintain those funds or assets as originally received.  The New Funds shall remain in said account for the next ten (10) business days following receipt of the Objection.  Within five (5) business days of receipt of any Objection, the Morgan Defendants shall provide Plaintiffs with a written response.  Within ten (10) business days of serving any Objection, Plaintiffs may file with the Court a motion requesting the Court enter an order requiring the Morgan Defendants to maintain the New Funds pending the resolution of this action.  Opposition and reply papers shall be due as set forth in Local Rule 230 and Fed. R. Civ. Proc. 78.  If Plaintiffs file a motion as set forth in this Paragraph, the New Funds shall remain in said account until there is an order of the Court deciding the issue.

**7.** <u>Termination</u>.  The "Termination Date" of this Stipulation shall occur five business days after Plaintiffs have issued to the Morgan Defendants written notice of a Termination Event to the extent that such Termination Event has not been cured within such five business day period.  A "Termination Event" shall occur on the earliest to occur of any of the following:  (a) the

STIP. BETWEEN PLS. AND
DEFS. MORGAN AND J D INVESTMENTS
[R~~EQUEST TO SO~~ ORDER]

Morgan Defendants fail to provide the Morgan Declaration that complies with the requirements of Paragraph 3; (b) the Morgan Defendants fail to provide any of the documents required by Paragraph 3; (c) the Morgan Defendants fail to provide a Notice when required to do so; (d) any funds that are the subject of this Stipulation are disbursed, distributed, or dissipated without the Plaintiffs' consent.  The Morgan Defendants may terminate this stipulation by providing written notice to the Plaintiffs.  Such notice must be given no less than ten (10) days prior to the intended expiration date.  Upon the expiration of the ten (10) day notice period, this stipulation shall automatically expire, and the Parties shall be relieved from any further obligations under its terms, except as otherwise provided herein.

**8.**  <u>Status Reports</u>.  The Parties agree to provide a Joint Status Report to the Court every ninety (90) days following entry of the order approving this Stipulation.

**9.**  <u>Reservation of Rights</u>.  The Parties reserve all rights except as expressly set forth herein and agree that this Stipulation does not resolve any of the disputes between them.  For the avoidance of doubt, Plaintiffs maintain all claims to the Funds (including any assets or investments acquired with those Funds, and any distributions or profits received on such assets or investments) as described in the Complaint.  The Morgan Defendants reserve and do not waive any defenses to such claims.  Nothing contained in this Stipulation shall constitute a waiver or admission as to either Party's (a) entitlement to the Funds, the October Investment, or the October Investment Payments, (b) right to seek any New Funds through a subsequent proceeding or oppose such request, or (c) right to obtain the New Funds through this action, as set forth in paragraph 6, or oppose such request.

STIP. BETWEEN PLS. AND
DEFS. MORGAN AND J D INVESTMENTS
[REQUEST TO SO ORDER]

**IT IS SO STIPULATED.**

Dated: March 17, 2025          By:   */s/ Joseph J. Boylan*
                                     Joseph Boylan

                                     *Counsel for Plaintiffs Compeer Financial,*
                                     *ACA, Compeer Financial, PCA, and*
                                     *Compeer Financial, FLCA*


Dated: March 17, 2025          By:   */s/ Alexander Setzepfandt*
                                     Alexander Setzepfandt

                                     *Counsel for Defendants Dennis Morgan and*
                                     *J D Investments*

## ORDER

The above stipulation is **APPROVED** with the following two additional requirements:

(1) The parties may not mutually agree to extend the stay period past March 15, 2026, without further approval from the Court.

(2) In addition to filing a joint status report 90 days from the date of this order and every 90 days thereafter, the parties **SHALL** file a joint status report within 30 days of the termination of the agreement, unless the scheduled 90-day report is due within that 30-day period.

The Clerk of Court is directed to designate this case as **STAYED** and to set a 90-day filing deadline.

IT IS SO ORDERED.

   Dated:   **March 17, 2025**

                                     UNITED STATES DISTRICT JUDGE

STIP. BETWEEN PLS. AND
DEFS. MORGAN AND J D INVESTMENTS
[~~REQUEST TO SO~~ ORDER]