Christopher Lovrien, CA Bar No. 230546
Joseph J. Boylan, CA Bar No. 331991
Joshua M. Mester, CA Bar No. 194783
JONES DAY
555 S. Flower St., 50th Floor
Los Angeles, CA 90071
Telephone:   +1.213.489.3939
Facsimile:   +1.213.243.2539
cjlovrien@jonesday.com
jboylan@jonesday.com
jmester@jonesday.com

Darren Cottriel, CA Bar No. 184731
JONES DAY
3161 Michelson Dr., # 800
Irvine, CA 92612
Telephone:   +1 949.851.3939
Facsimile:   +1 949.553.7539
dcottriel@jonesday.com

William D. Coglianese (*pro hac vice*)
Michael Bradley (*pro hac vice*)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001
Telephone:   +1.202.879.3939
Facsimile:   +1.202.626.1700
wcoglianese@jonesday.com
michaelbradley2@jonesday.com

*Attorneys for Plaintiffs*

WHITNEY, THOMPSON & JEFFCOACH LLP
Timothy L. Thompson, #133537
Jacob S. Sarabian, #322108
970 W. Alluvial Ave.
Fresno, California 93711
Telephone:   (559) 753-2550
Facsimile:   (559) 753-2560
mwhitney@wtjlaw.com
jsarabian@wtjlaw.com

*Attorneys for Michael Graham and Cynthia Graham*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA—FRESNO DIVISION

| | |
|---|---|
| COMPEER FINANCIAL, ACA COMPEER FINANCIAL, PCA, and COMPEER FINANCIAL, FLCA,<br><br>*Plaintiffs*,<br><br>v.<br><br>MICHAEL GRAHAM, CYNTHIA GRAHAM, DENNIS MORGAN, KRISTI INESS, and JD INVESTMENTS,<br><br>*Defendants*. | Civil Action No. 1:25-cv-00049-JLT-SKO<br><br>**JOINT STIPULATION BETWEEN PLAINTIFFS AND DEFENDANTS MICHAEL AND CYNTHIA GRAHAM**<br><br>**[~~REQUEST TO SO~~ ORDER]** |

1    Plaintiffs Compeer Financial, ACA, Compeer Financial, PCA, and Compeer Financial, FLCA (collectively, "Plaintiffs") and Defendants Michael and Cynthia Graham ("Graham Defendants" and, with Plaintiffs, "the Parties"), by and through undersigned counsel, hereby enter this Joint Stipulation and state as follows:

**WHEREAS**, on January 10, 2025, Plaintiffs filed a complaint against the Defendants in the United States District Court for the Eastern District of California assigned Case No. 1:25-cv-00049 (the "Action");

**WHEREAS**, Plaintiffs allege that in April 2024, Corporate America Lending, Inc. ("CAL") and its president Ron Cook ("Mr. Cook") received approximately $58,187,976.50 of proceeds which Plaintiffs contend is their property;

**WHEREAS**, Plaintiffs and CAL are currently engaged in an arbitration which is to decide legal claims maintained by Plaintiffs and CAL against one another;

**WHEREAS**, on May 3, 2024, the Graham Defendants received a transfer of $12,173,792.00 from Corporate America Lending, Inc. ("CAL") into a personal bank account with Bank of Sierra, account ending 8880 (the "Personal Account");

**WHEREAS**, the Graham Defendants allege that on May 13, 2024, pursuant to Mr. Cook's instruction, the Graham Defendants wire transferred $12,000,000.00 from their Personal Account to a higher interest bearing money market account at Bank of Sierra in their names individually, account ending, 0997 (the "Money Market Account");

**WHEREAS**, the Graham Defendants allege that on May 15, 2024, the Graham Defendants applied $173,792.00 of the funds received from CAL to an overdue debt CAL owed to the Graham Defendants arising from a loan the Graham Defendants funded prior to CAL's alleged receipt of the funds;

**WHEREAS**, the Graham Defendants allege that on May 22, 2024, the Grahams' Personal Account received a wire of $3,387,000 from Prosperity Development, LLC (the $12,000,000.000 and $3,387,000.00 collectively, the ("Funds"));

1   **WHEREAS**, the Graham Defendants allege that on May 23, 2024, pursuant to Mr.
2   Cook's instruction, the Graham Defendants wire transferred $3,387,000 from their Personal
3   Account to the Money Market Account;

4   **WHEREAS**, the Graham Defendants allege that on June 6, 2024, pursuant to Mr. Cook's
5   instruction, the Graham Defendants wire transferred $13,000,000.00 from the Money Market
6   Account to CAL;

7   **WHEREAS**, the Graham Defendants allege that on September 20, 2024, pursuant to Mr.
8   Cook's instruction, the Graham Defendants wire transferred $2,263,499.00 to a bank account
9   at Fresno First Bank which the Graham Defendants presently do not have access to;

10  **WHEREAS**, as of January 31, 2025, the Money Market Account has a remaining
11  balance of $210,295.42 of the Funds transferred, which includes accrued interest (the
12  "Remaining Balance");

13  **WHEREAS**, Plaintiffs allege in their Complaint that the Funds are Plaintiffs' property,
14  and it was wrongful for CAL to transfer or cause to be transferred, the Funds to the Graham
15  Defendants;

16  **WHEREAS**, the Graham Defendants generally deny the allegations of the complaint as
17  to them and allege, amongst other things, that CAL is indebted to the Graham Defendants,
18  that the only Funds they possess are the Remaining Balance of the Funds, and that the matter
19  is not ripe because Plaintiffs have not obtained a money judgment entitling them to the Funds;

20  **WHEREAS**, on January 10, 2025, immediately after filing their Complaint, Plaintiffs
21  contacted the Graham Defendants regarding the possibility of filing a motion for a temporary
22  restraining order and expedited discovery, and sought to engage with the Graham Defendants
23  to explore the possibility of a stipulation that would avoid the need for Plaintiffs to bring such
24  a motion against the Graham Defendants;

25  **WHEREAS**, following Plaintiffs' outreach, the Parties met-and-conferred in good faith
26  on multiple occasions;

27
28

- 2 -    STIP. BETWEEN PLS. AND DEFS.
MICHAEL AND CYNTHIA GRAHAM
[~~REQUEST TO SO~~ ORDER]

**WHEREAS**, as a result of those discussions, Mr. Graham has agreed to execute a declaration attesting to the transfer of the Funds described herein, provide supporting documentation therewith, and stipulate to a remedial framework if the Graham Defendants receive certain monies from CAL or Mr. Cook;

**WHEREAS**, the Parties each desire to eliminate or narrow their disputes to the extent possible, and to avoid burdening one another and the Court with motion practice and discovery which may be avoidable through continued engagement and cooperation in good faith;

**NOW THEREFORE**, the Parties hereby stipulate and agree:

**1.** <u>Stay of Action</u>.  Except as set forth herein, the Action is stayed as to the Graham Defendants until the earlier of 9/19/25 or the Termination Date, as defined below (the "Stay Period").  The Stay Period may be extended by the agreement of the Parties without further order of the Court.  The Plaintiffs shall promptly provide notice to the Court upon the expiration of the Stay Period.

**2.** <u>Freezing of Funds</u>.  The Remaining Balance plus all interest accrued on the Remaining Balance after January 31, 2025, shall remain in the Money Market Account and shall not be distributed or disbursed from the date of this Stipulation through a date that is 15 days after the expiration of the Stay Period (the "Freeze Period"), absent agreement of the Parties or order of this Court. The Graham Defendants shall not comingle any other property or funds in the Money Market Account during the Freeze Period except as otherwise provided for in this Stipulation.

**3.** <u>Graham Declaration</u>.  Within three (3) business days of an entry of an order on this Stipulation, the Graham Defendants shall provide a declaration executed by Mr. Graham under penalty of perjury attesting to the transfer of the Funds, as described in this Stipulation, and the following facts: (i) a description of the nature of the Graham Defendants' business relationship with CAL, Mr. Cook, and Alex Aretakis; (ii) a complete description of the circumstances surrounding the transfers, including what was said between Mr. Cook, Mr. Aretakis, and Mr. Graham regarding said transfers; (iii) confirming that no agreement existed between the

1  Graham Defendants and CAL for consideration to be exchanged for the Grahams' receipt and
2  transfer of the Funds; (iv) confirming that, apart from the Funds, funds received related to
3  Prosperity Farms, and $14,660.00 per month from CAL for loans the Graham Defendants
4  funded before April 29, 2024 (the "Monthly Payment"), the Graham Defendants have not
5  received any monies from CAL or Mr. Cook since April 29, 2024; and (iv) appropriately
6  authenticating any documents produced pursuant to Paragraph 4 of this Stipulation as true and
7  correct copies of documents possessed or maintained by the Graham Defendants in the ordinary
8  course of business or the management of their own affairs.

9  **4.** Document Production.  Within three (3) business days of an entry of an order on this
10 Stipulation, the Graham Defendants shall provide (a) copies of all bank statements (which may
11 contain redactions for sensitive personal information and transactions unrelated to Mr. Cook,
12 CAL, or the Funds), (b) all communications (including, text messages and email
13 communications) with CAL, Ron Cook, or Alex Aretakis regarding the transfer of the Funds to
14 the Graham Defendants or the return of the Funds to CAL or Ron Cook (which may also contain
15 redactions for communications unrelated to the Funds).

16 **5.** Additional Discovery.  Within 10 business days of Plaintiffs' receipt of the document
17 production described in paragraph 4 of this Stipulation, Plaintiffs shall have the right to make a
18 single request for additional, targeted document discovery and/or declarations needed to
19 understand or clarify any transfers of the Funds between the Graham Defendants and CAL from
20 April 29, 2024 to present or documents or communications described by Mr. Graham in the
21 accompanying declaration regarding the Funds.  The Graham Defendants shall have the right
22 to object to the additional request. Should Plaintiffs make a single request for additional
23 discovery, the Parties will meet-and-confer in good faith to limit the burden and expense of any
24 such additional discovery, which, if necessary, shall be supported by good cause, relevant to the
25 transfer of the Funds, and narrowly tailored.  The Court shall resolve any disputes the Parties
26 are unable to resolve themselves and this Stipulation shall remain in effect pending the Court's
27 ruling absent the occurrence of a Termination Event (as said term is defined below).

28

6. <u>New Funds</u>. During the Stay Period, should the Graham Defendants receive from CAL, or Mr. Cook individually (a) funds during any thirty day period that, in the aggregate, equal or exceed three million five hundred thousand dollars ($3,500,000) related to Prosperity Farms; or (b) any amount, except for the Monthly Payment, that (i) is not related to the operation of Prosperity Farms or (ii) constitutes a monetary payment from CAL or Mr. Cook (the amounts in (a) and (b), collectively, the "New Funds"), then, the Graham Defendants shall, within three (3) days of receipt of such New Funds, provide notice to Plaintiffs and provide all facts regarding the transaction giving rise to the receipt of the New Funds (the "Notice").

7. <u>Notice Dispute Resolution</u>. Within three (3) business days of receipt of the Notice, Plaintiffs shall have the opportunity to object to the Graham Defendants' unrestricted use of the New Funds (the "Objection"). If Plaintiffs timely notify the Graham Defendants of their Objection to the Graham Defendants' unrestricted use of the New Funds, then the Graham Defendants shall be obligated to maintain those funds or assets as originally received. Alternatively, the Graham Defendants may, at their choosing, transfer said monies or assets to the Money Market Account. The New Funds shall remain in said account for the next ten (10) business days following receipt of the Objection. Within five (5) business days of receipt of any Objection, the Graham Defendants may provide Plaintiffs with a written response to their Objection. Within ten (10) business days of serving any Objection, Plaintiffs shall file with the Court a motion requesting the Court enter an order requiring the Graham Defendants to maintain the New Funds pending the resolution of this action. Opposition and reply papers shall be due as set forth in Local Rule 230 and Fed. R. Civ. Proc. 78. If, and only if, Plaintiffs file a motion as set forth in this Paragraph, the New Funds shall remain in said account until there is an order of the Court deciding the issue.

8. <u>Termination</u>: The "Termination Date" of this Stipulation shall occur five business days after Plaintiffs have issued to the Graham Defendants written notice of a Termination Event to the extent that such Termination Event has not been cured within such five business day period. A "Termination Event" shall occur on the earliest to occur of any of the following: (a) the

Graham Defendants fail to provide the Graham Declaration that complies with the requirements of Paragraph 3 within the time required by such paragraph; (b) the Graham Defendants fail to provide any of the documents required by Paragraph 4 within the time required by such paragraph; (c) the Graham Defendants fail to provide a Notice when required to do so; (d) any funds that are the subject of this Stipulation are disbursed, distributed, or dissipated from the Money Market Account without the Plaintiffs' consent.  The Graham Defendants may terminate this stipulation by providing written notice to the Plaintiffs.  Such notice must be given no less than ten (10) days prior to the intended expiration date.  Upon the expiration of the ten (10) day notice period, this stipulation shall automatically expire, and the Parties shall be relieved from any further obligations under its terms, except as otherwise provided herein.

**9.**   Status Reports.   The Parties agree to provide a Joint Status Report to the Court every ninety (90) days following entry of the order approving this Stipulation.

**10.**   Reservation of Rights.   The Parties reserve all rights except as expressly set forth herein and agree that this Stipulation does not resolve any of the disputes between them.  For the avoidance of doubt, Plaintiffs maintain all claims to the Funds (including any assets or investments acquired with those Funds, and any distributions or profits received on such assets or investments) as described in the Complaint.  The Graham Defendants reserve and do not waive any defenses to such claims.  Nothing contained in this Stipulation shall constitute a waiver or admission as to either Party's (a) entitlement to the Funds or the Remaining Balance, (b) right to seek any New Funds through a subsequent proceeding or oppose such request and (c) right to obtain the New Funds through this action, as set forth in paragraph 7, or oppose such request.

**IT IS SO STIPULATED.**

Dated: March 17, 2025     By:   */s/ Joseph J. Boylan*
                                 Joseph Boylan

*Counsel for Plaintiffs Compeer Financial, ACA, Compeer Financial, PCA, and Compeer Financial, FLCA*

Dated: March 17, 2025     By:   */s/ Jacob Sarabian*
                                 Jacob Sarabian

*Counsel for Defendants Michael and Cynthia Graham*

### ORDER

The above stipulation is **APPROVED** with the following additional instructions:

(1) The parties may not mutually agree to extend the stay period past March 15, 2026, without further approval from the Court.

(2) In addition to filing a joint status report 90 days from the date of this order and every 90 days thereafter, the parties **SHALL** file a joint status report within 30 days of the termination of the agreement, unless the scheduled 90-day report is due within that 30-day period.

(3) The deadlines set by the Court in its March 17, 20205 order approving a related stipulation are continued so that they match the deadlines applicable to this stipulation, as a coordinated status report would be more efficient for the parties and the Court.

**(4)** Because claims remain pending as to at least one additional defendant, the Court corrects its prior instruction to the Clerk of Court to flag this case as stayed and instead directs the Clerk of Court to remove that flag.

IT IS SO ORDERED.

Dated:   **March 20, 2025**

UNITED STATES DISTRICT JUDGE

- 7 -

STIP. BETWEEN PLS. AND DEFS. MICHAEL AND CYNTHIA GRAHAM
[REQUEST TO SO ORDER]